IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-398-D

LILLIAN WOODY and FRED WOODY, JR., )
)
      Plaintiffs, )
)
v. ) **ORDER**
)
BANK OF AMERICA CORPORATION, )
BANK OF AMERICA, N.A., and )
BAC HOME LOANS SERVICING, L.P., )
)
      Defendants. )

On August 4, 2009, plaintiffs Lillian Woody and Fred Woody, Jr. ("plaintiffs"), proceeding pro se, filed a complaint in Wake County Superior Court against Bank of America Corporation seeking to rescind their mortgage loan and to obtain damages [D.E. 1-1]. On August 10, 2009, plaintiffs amended the complaint to add Bank of America, N.A., and BAC Home Loans Servicing, L.P., as parties.[1] Plaintiffs allege that when they obtained a mortgage loan from Countrywide Home Loans, Inc. ("Countrywide"), a non-party to this litigation, Countrywide violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–67, and the Federal Reserve Board's Regulation Z, 12 C.F.R. § 226. Plaintiffs claim that because Countrywide transferred its interest in the loan to Bank of America Corporation, defendants are liable for Countrywide's alleged TILA and Regulation Z violations. Additionally, plaintiffs claim that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p, Colorado statute C.R.S. § 38-40-105, "[o]utstanding [u]sury law," and section 6 of

---

[1]Bank of America Corporation, Bank of America, N.A., and BAC Home Loans Servicing, L.P., are collectively referred to as "defendants."

the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

Defendants removed the action to this court [D.E. 1] and moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted [D.E. 6]. Plaintiffs moved to amend their amended complaint, join two additional defendants, and compel the production of documents [D.E. 16]. As explained below, defendants' motion to dismiss is granted, and plaintiffs' motions are denied.

I.

In August 2006, plaintiffs obtained a mortgage loan from Countrywide. See Am. Compl. ¶¶ 1, 3(v). At that time, Countrywide provided plaintiffs with disclosure documents concerning the loan, including the final truth-in-lending disclosure statement ("TILA disclosure statement"). See id. ¶ 1. Bank of America Corporation thereafter acquired Countrywide's interest in plaintiffs' loan. See id.

On August 4, 2009, plaintiffs filed a complaint in Wake County Superior Court against Bank of America Corporation [D.E. 1-1], and on August 10, 2009, amended the complaint to add Bank of America, N.A., and BAC Home Loans Servicing, L.P., as defendants. On September 4, 2009, defendants removed the action to this court [D.E. 1].

In their amended complaint, plaintiffs allege that defendants violated (1) Regulation Z and TILA, as amended by the Home Ownership and Equity Protection Act ("HOEPA"), because defendants are responsible for Countrywide's alleged failure to provide plaintiffs with various disclosure documents concerning their loan transaction, including a "Privacy Notice," a "Guide to Lending," "Payment Schedules," and a "USA Patriot Act Disclosure," see Am. Compl. ¶¶ 1–3, (2) "CRS 38-40-105" because defendants are responsible for Countrywide's alleged "exten[sion] [of]

credit" to plaintiffs "without regard [for] their ability to repay the loan[]," id. ¶ 2,[2] (3) the FCRA by "inaccurately reporting late history activity status to the credit bureaus against [plaintiffs'] credit report," id. ¶ 4, (4) the FDCPA because the "payoff balance" of the loan is "inaccurate" and "based on predatory lending practices," id. ¶ 5, (5) "[o]utstanding [u]sury law" because Countrywide provided two "different Truth-in-Lending statements" that "caused problems in servicing of the interest payments," id. ¶ 7, and (6) section 6 of RESPA because of "predatory lending practices." Id. ¶ 1.

II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464–65 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. A defendant is entitled to have a claim dismissed if the plaintiff fails to allege enough facts "to raise a right to relief above the speculative level" by providing "enough facts to state a claim to relief that

---

[2]Plaintiffs argue that Countrywide's alleged liability "transferred to" defendants. See Am. Compl. ¶ 2.

is plausible on its face." Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quotations omitted). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The court construes allegations in a pro se complaint liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, "[w]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quotations omitted).

Lillian and Fred Woody, Jr. are familiar litigants. See Woody v. Greenwood Trust Co., No. 5:04-CV-293-BO (E.D.N.C. June 3, 2004) (unpublished) (dismissing as frivolous). Although Lillian and Fred Woody, Jr., are not as infamous as their daughter, Tracy Woody, in filing baseless complaints in order to avoid their debts,[3] their claims concerning Regulation Z, TILA, and HOEPA are the same claims that this court considered and rejected in Tracy Woody's latest litigation salvo. See Woody, 2010 WL 2169178, at *2–3. Lillian and Fred Woody, Jr.'s claims fare no better than Tracy Woody's baseless claims and are dismissed. See id. Likewise, plaintiffs' claims under Colorado law and the FCRA are the same baseless claims that Tracy Woody recently made and are dismissed. See id. at *3–4.

Plaintiffs also allege that defendants violated the FDCPA, 15 U.S.C. § 1692–1692p, because the "payoff balance" of the loan is "inaccurate" and "based on predatory lending practices." Am. Compl. ¶ 5. The FDCPA protects consumers from certain unfair debt collection practices. See 15

---

[3]See Woody v. Am. Gen. Fin. Servs., Inc., No. 5:09-CV-561-D, 2010 WL 2069178, at *1 n.1 (E.D.N.C. May 29, 2010) (unpublished) (collecting cases).

4

U.S.C. § 1692(a); United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). However, plaintiffs provide no factual support for their conclusion that defendants violated the FDCPA. Accordingly, plaintiffs' FDCPA claim is not plausible and is dismissed. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Robinson, 551 F.3d at 222.

Plaintiffs also allege that defendants violated "[o]utstanding [u]sury law" because Countrywide provided two "different Truth-in-Lending statements" that "caused problems in servicing of the interest payments." Am. Compl. ¶ 7. However, the two-year "statutes of limitations began to run on [any such] claim[] at the closing of the loan" in 2006; therefore, plaintiffs' usury claim is barred. See, e.g., Shepard v. Ocwen Fed. Bank, 361 N.C. 137, 138–41, 638 S.E.2d 197, 198–200 (2006). Alternatively, plaintiffs fail to allege facts sufficient to support their usury claim. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Robinson, 551 F.3d at 222. Accordingly, plaintiffs' usury claim is not plausible and is dismissed.

Plaintiffs also allege that defendants violated section 6 of RESPA, 12 U.S.C. § 2605, for unspecified "predatory lending practices." Am. Compl. ¶ 1. When the servicing of a "federally related mortgage loan" is transferred, RESPA requires the transferee to notify the borrower of the transfer. 12 U.S.C. § 2605(c). Plaintiffs, however, do not allege that defendants failed to give such notice. Furthermore, plaintiffs' amended complaint fails to explain how defendants allegedly violated RESPA. Accordingly, plaintiffs' RESPA claim is not plausible and is dismissed. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Robinson, 551 F.3d at 222.

Plaintiffs have filed a motion to amend the amended complaint, join additional parties, and compel production of various documents [D.E. 16]. Plaintiffs have previously amended their original complaint once as a matter of course. See Fed. R. Civ. P. 15(a). Thus, plaintiffs may amend their complaint only by leave of the court or by written consent of defendants. See id. The

5

court "freely give[s]" leave to amend "when justice so requires." See id. However, a court may deny leave to amend for futility. See, e.g., In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005).

Plaintiffs seek to amend the amended complaint to allege that Bank of America Corporation and its attorneys have been served with copies of the amended complaint. See Pls.' Mot. to Amend, Join, & Compel ¶ 3 [hereinafter "Mot. to Amend"]. Defendants have conceded service; therefore, this aspect of the proposed amendment is futile. Cf., e.g., Cozzarelli v. Inspire Pharma, Inc., 549 F.3d 618, 630 (4th Cir. 2008). Plaintiffs also reiterate that they have "been facing foreclosure due to the predatory nature of the loan," that the loan is "unaffordable," and that they wish to increase the amount of damages they seek. Mot. to Amend ¶¶ 4–5, 7. The allegations, however, do not resuscitate plaintiffs' claims. Thus, this aspect of the proposed amendment is futile. See, e.g., In re PEC Solutions, Inc. Sec. Litig., 418 F.3d at 391.

Plaintiffs also seek to add real estate broker Edward Becker II and Countrywide Home Loans, Inc. as defendants because "they were directly involved with this [unspecified] fraudulent activity." Mot. to Amend ¶ 6. Although plaintiffs' pro se complaint is "held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94 (quotation omitted), plaintiffs must give defendants "fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (quotation and alteration omitted). Plaintiffs have failed to provide a factual basis for their claims of "fraudulent" activity against Becker and Countrywide. See Fed. R. Civ. P. 9(b); Ashcroft, 129 S. Ct. at 1949–50; Public Employees' Ret. Ass'n of Colo. v. Deloitte & Touche LLP, 551 F.3d 305, 314–16 (4th Cir. 2009). Accordingly, plaintiffs' motion to amend is denied as futile.

Finally, plaintiffs move to compel the production of various documents. The motion is denied as moot.

6

## III.

Plaintiffs' amended complaint fails to state a claim upon which relief can be granted. Accordingly, the court GRANTS defendants' motion to dismiss [D.E. 6] and DENIES plaintiffs' motion to amend, join parties, and compel production [D.E. 16].

SO ORDERED. This _8_ day of June 2010.

                                      JAMES C. DEVER III
                                      United States District Judge